2011 OK 38

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Daniel Allen WOOLVERTON, Respondent.**

**Nos. SCBD–5696, OBAD–1843.**

Supreme Court of Oklahoma.

May 2, 2011.

### ORDER APPROVING RESIGNATION

¶ 1 On November 15, 2010, the Oklahoma Bar Association (Bar Association), notified the Office of the Chief Justice that the respondent, Daniel Allen Woolverton (lawyer/respondent), had pled guilty to one count of sexual exploitation of a child in the Untied States District Court for the Eastern District of Virginia.

¶ 2 Upon consideration of the notice of criminal charges, the Court immediately sus-

---

1. See Rule 54 of the Rules of the Workers' Compensation Court, 85 O.S.Supp.2006, Ch. 4, App.

pended the respondent from the practice of law on December 6, 2010, pursuant to Rule 7.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2007 Ch. 1, App. 1–A, until further order of the Court. The respondent was also directed to show cause by January 1, 2011, why, the suspension should be set aside. The respondent's attempted resignation by letter was determined to be ineffective pursuant to *In the Matter of Reinstatement of Fraley*, 2005 OK 39, ¶ 17, 115 P.3d 842.

¶ 3 THE COURT FINDS:

1. The respondent has voluntarily resigned from the Oklahoma Bar Association by complying with Rule 8.1 and Rule 8.2, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A. The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

2. The respondent states in his affidavit of resignation that he is aware that his judgment and sentence constitutes a violation Rule 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A and Rule 1.3 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A and of his oath as an attorney.

3. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A and it should be approved. Because of the respondent's voluntary resignation, the Court's previous order of December 6, 2010, referring the matter to the Professional Responsibility Commission to initiate and conduct disciplinary proceedings immediately pursuant to Rule 7.7, and 7.6 of the Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2007 Ch. 1, App. 1–A has been rendered moot by today's resignation.

4. The official roster address of the respondent as shown by the Oklahoma Bar Association is: Daniel A. Wollverton, 7104 Remington Oaks Loop, Lakeland Fl 33810–4790. His current mailing address is Daniel A. Woolverton, # 73872–083, FCI Petersburg Medium, P.O. Box 1000, Petersburg, VA 23804.

5. The Bar Association has not sought the imposition of costs and the respondent asks that any costs incurred be waived.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Daniel A. Woolverton's resignation pending discipline be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Daniel A. Woolverton's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients, if any, having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Bar Association has waived the imposition of costs. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent, shall be a condition of reinstatement.

DONE BY ORDER OF THE SUPREME COURT THIS 2nd DAY OF MAY 2011.

ALL JUSTICES CONCUR.